USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: __11-19-19__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**ROLANDO GRULLON,**

                  **Plaintiff,**

      **- against -**

**THE ADMINISTRATION FOR CHILDREN'S**
**SERVICES, ET AL.,**

           **Defendants.**
_____

**18-cv-3129 (JGK)**

**ORDER**

**JOHN G. KOELTL, District Judge:**

The City of New York should order a transcript of the court proceedings held on **November 7, 2019** and send a copy to the plaintiff.

No further pre-trial conference is needed before the filing of a motion to dismiss. The plaintiff should consult the New York Legal Assistance Group (NYLAG) for legal advice.

Because the plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, the

plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, the plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow the plaintiff to effect service on defendants Gladys Carrion, David Hansell, Contessa Pou, Miriam Vasquez, Shanel Monroe, Tahisha Fountaine Longworth, Frank Lawani, Angela Allen, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

The plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if the plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Gladys Carrion, David Hansell, Contessa Pou, Miriam Vasquez, Shanel Monroe, Tahisha Fountaine Longworth, Frank Lawani, Angela Allen and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to the plaintiff and note service on the docket.

**SO ORDERED.**

**Dated:**    **New York, New York**
           **November 18, 2019**

**John G. Koeltl**
**United States District Judge**

All of the following individual defendants may be served at the service address listed below:

DEFENDANTS

Gladys Carrion

David Hansell

Contessa Pou

Miriam Vasquez

Shanel Monroe

Tahisha Fountaine Longworth

Frank Lawani

Angela Allen


SERVICE ADDRESS

Administration for Children's Services

150 William Street

New York, NY 10038